IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-30574

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CHARLES SYKES

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CR-46-1

Before REAVLEY, JOLLY, and GARZA, Circuit Judges.

PER CURIAM:[*]

Charles Sykes was convicted of (1) possession with the intent to distribute crack cocaine; (2) possession with the intent to distribute powder cocaine; and (3) possession of a firearm in furtherance of a drug-trafficking crime. He received an 11.5 year sentence. He now appeals his conviction and sentence. For the reasons that follow, we affirm Sykes's conviction. We remand, however, so that the district court may determine whether Sykes is entitled to a lower

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence in light of the retroactive amendment to the Sentencing Guidelines that reduces the offense level for those convicted of crack offenses.

1.    Sykes contends that he is entitled to a new trial. He argues that the district court made a series of errors that, when viewed in the context of his whole trial, were not cumulatively harmless and thus require the reversal of his conviction. We have previously recognized that "the cumulative effect of a series of errors may require reversal, even though a single one of those errors, standing alone, would not require such a result." United States v. Villarreal, 324 F.3d 319, 328 (5th Cir. 2003). We now address each of the errors Sykes alleges in turn.

Sykes first argues that the district court abused its discretion when it allowed the government to qualify Officer Foxworth as an expert witness on the stand, which permitted the officer to testify both as an expert witness and as a fact witness. Sykes points us to United States v. Dukagjini, 326 F.3d 45, 53–54 (2d Cir. 2003), where the Second Circuit catalogued some of the many concerns about allowing a witness to simultaneously wear the expert-witness hat and the fact-witness hat. But Sykes never tethers those theoretical concerns to the facts of his case. Moreover, while Sykes complains that he was not given pre-trial notice of the government's intent to use Officer Foxworth as an expert witness, Sykes has not argued he was prejudiced by this lack of pre-trial disclosure. Sykes has not shown that the district court abused its discretion.

Sykes next contends that the district court abused its discretion by not letting him put the government's fingerprint expert on the stand. That individual would have testified that in a prior drug arrest at Sykes's apartment, two people were arrested

and that fingerprint evidence confirmed that neither was Sykes. Sykes concedes that he failed to properly disclose pre-trial that he intended to call the fingerprint expert, in violation of the district court's discovery order. But he contends that the sanction imposed for the discovery violation—exclusion of the witness—was not warranted and stands in stark contrast to the district court's treatment of the government's failure to disclose that it intended to call Officer Foxworth as an expert witness.

That contrasting treatment was justified, however, because while Sykes (as noted above) was not prejudiced by the government's lack of pre-trial disclosure, the government was prejudiced by Sykes's lack of pre-trial disclosure. As the district court concluded, exclusion of the fingerprint expert was proper because if the government knew that Sykes was going to bring up this prior arrest at trial via its fingerprint expert, it would have done a more thorough investigation to identify the two individuals who were in fact arrested. Those individuals, if found, might have told the government that Sykes was somehow involved in their drug dealing. But since Sykes did not give the government notice, the government did not investigate to determine Sykes's precise relationship to this prior arrest. Given that prejudice to the government, it was not an abuse of discretion for the district court to refuse to allow Sykes to call the government's fingerprint expert to the stand.

Sykes next argues that the district court abused its discretion when it allowed the government to introduce evidence of his prior arrest on a scooter—evidence that had been suppressed because it had been gathered in violation of the Fourth Amendment. Sykes

contends that the unfair prejudice of that evidence substantially outweighed its probative value.

Evidence of Sykes's prior arrest had obvious probative value as impeachment evidence. Sykes claimed on the stand that he didn't distribute drugs. If the jury believed he didn't deal drugs, it would acquit him of the two drug-dealing charges. But if the members of the jury were told about the scooter incident, they could infer that Sykes did in fact distribute drugs. That would undermine Sykes's claim on a material point in the trial.

On the other hand, there is little doubt that this evidence could be unfairly prejudicial. As this court noted in United States v. Beechum, 582 F.2d 898, 914 (5th Cir. 1978) (en banc) (footnote and internal quotation marks omitted):

> One of the dangers inherent in the admission of extrinsic evidence is that the jury may convict the defendant not for the offense charged but for the extrinsic offense. This danger is particularly great where, as here, the extrinsic activity was not the subject of a conviction; the jury may feel that the defendant should be punished for that activity even if he is not guilty of the offense charged. Moreover, even if the jury is no more disposed to punish the accused for his unpunished past crimes, "over-persuasion" may lead them to conclude that, having committed a crime of the type charged, he is likely to repeat it.

Those dangers were particularly acute in this case because not only is the prior bad act uncharged criminal conduct, but uncharged conduct that the jury might view as the defendant getting away with on a legal technicality. Moreover, the potential unfair prejudice was compounded by the fact that the jury, earlier in the trial, heard about another prior arrest.

4

Nevertheless, the district court did not abuse its discretion in determining that the unfair prejudice from this evidence did not substantially outweigh its probative value. Sykes opened the door for this sort of evidence by denying he dealt drugs. Moreover, the judge did provide a limiting instruction—that the jury was only to consider all of this evidence for its impeachment purposes.

Sykes finally argues that the district court erred in allowing the government to make three improper arguments during closing. Since, as discussed above, the district court made no other errors, Sykes is entitled to a new trial only if the prosecutor's allegedly improper remarks alone entitle him to a new trial. Sykes carries a "substantial" burden. United States v. Mares, 402 F.3d 511, 515 (5th Cir. 2005). That burden requires Sykes to convince this court that "the prosecutor's remarks cast serious doubt on the correctness of the jury's verdict." Id. (internal quotation marks omitted). Sykes cannot meet that burden. The arguments were based on the evidence and did not deviate to express a personal opinion. Accordingly, Sykes's conviction is affirmed.

2. In his opening brief, Sykes contended that his sentence was substantively unreasonable because the district court had failed to apply the then-pending amendment to the Sentencing Guidelines that would reduce the offense level for crack offenses. Since Sykes filed that brief, the amendment has been made retroactive. A defendant may now file a motion under 18 U.S.C. § 3582(c)(2) requesting that the district court determine whether he or she is entitled to a sentence reduction. Sykes, in his reply brief, dropped his substantive reasonableness challenge to his sentence. He instead requests that this court remand this case to the district

court so that it may determine whether he is entitled to a lower sentence.  The government agrees.  Accordingly, we remand this case to the district court so that it may determine, pursuant to 18 U.S.C. § 3582(c)(2), whether Sykes is entitled to a lower sentence.

AFFIRMED.  Cause REMANDED.